UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-694-RJC
(3:04-cr-315-RJC)

| TERRY JACKSON BENNETT, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the motion will be dismissed as successive.

I.     BACKGROUND

On May 11, 2006, Petitioner pled guilty, pursuant to a plea agreement stipulating to his career offender status, to possession with intent to distribute at least 5 grams of crack (Count One of the Second Superseding Indictment) and assaulting a deputy U.S. Marshal with a vehicle (Count Two). (Case No. 3:04-cr-315, Doc. No. 76: Plea Agreement 1- 2; Doc. No. 109: Plea Hr'g Tr.).  Prior to sentencing, Petitioner repeatedly asserted that he should not be sentenced as a career offender, in part because his escape conviction should not be considered a crime of violence. (Id., Doc. Nos. 83, 84, 85: letters).  At sentencing, the Court found Petitioner qualified as a career offender after hearing from the parties, including Petitioner himself. (Id., Doc. No. 110: Sent. Hr'g Tr. at 11-17).  The Court sentenced Petitioner to 235 month's imprisonment on each count concurrently and entered Judgment on September 12, 2006. (Id., Doc. No. 94).

1

Plaintiff appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit, which dismissed it based on the waiver in his plea agreement. United States v. Bennett, 238 F. App'x 935 (4th Cir.), cert. denied, 522 U.S. 1018 (2007).

On September 3, 2008, Petitioner filed a § 2255 motion to vacate contending that counsel was ineffective for failing to challenge his assault and escape convictions leading to his classification as a career offender. (Case No. 3:08-cv-410, Doc. No. 1 Motion at 5). The Court found that Petitioner's claims for relief were without merit, denied his motion, and declined to issue a certificate of appealability on September 30, 2010. (Id., Doc. No. 12: Order). After the Court denied his motion for reconsideration, (Id., Doc. No. 20: Order), Petitioner appealed both orders, (Id., Doc. No. 21). On November 18, 2011, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. United States v. Bennett, 454 F. App'x 215 (4th Cir. 2011) (unpublished).

On December 17, 2013, Petitioner's filed the instant § 2255 motion arguing that retroactive appellate rulings, including, Descamps v. United States, 133 S. Ct. 2276 (2013), rendered him factually and actually innocent of being a career offender. (Doc. No. 1: Motion at 5-6).

II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved

2

without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.     DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

>   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Here, Petitioner contends that he should be able to proceed with the present motion under 28 U.S.C. § 2255(f)(3) because it was filed within one year of the date the Supreme Court filed its opinion in Descamps, which he contends recognized a new right made retroactively applicable to cases on collateral review. (Doc. No. 1: Motion at 13). However, there is no mention in the instant motion that Petitioner first secured the necessary authorization from the Fourth Circuit to file a second, successive motion under § 2255, nor is there any indication of such in the record. Therefore, the Court is without jurisdiction to consider it. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Additionally, the Supreme Court has not made Descamps retroactive to cases on collateral review. See Abney v. Warden, No. 15–10088, 2015 WL 4546193, at *3-4 (11th Cir. July 29, 2015).

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion is **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 18, 2015

Robert J. Conrad, Jr.
United States District Judge